UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| James George, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-00360 |
| | § | |
| SI Group, Inc. d/b/a Schenectady | § | |
| International, Inc., Evergreen Tank | § | |
| Solutions, Inc., Bulk Tank International, | § | |
| Brenner Tank Services, LLC, and | § | |
| Walker Group Holdings LLC | § | |
| | § | |
|     Defendants. | § | |

## **PLAINTIFF'S MOTION TO REMAND**

Plaintiff, James George, respectfully requests that the Court remand this case back to state court for the following reasons:

- Defendant Evergreen Tank Solutions, Inc. ("Evergreen Tank") is a non-diverse party. Evergreen Tank maintains its principal place of business in Houston, Texas. Evergreen Tank's President (who continues to run and manage Evergreen Tank) works out of Evergreen Tank's Houston, Texas office. Further, the only reason Evergreen Tank has any corporate officers in Arizona is because Evergreen Tank was acquired by Mobile Mini (an Arizona company) in 2014, but even Mobile Mini acknowledges that Evergreen Tank is a separate entity and is run and managed by Guy Heulat—the President of Evergreen Tank— who works out of Evergreen's principal place of business in Houston, Texas.

- Additionally, SI Group, Inc. ("SI Group") has failed to meet its heavy burden to establish that Evergreen Tank was fraudulently joined. For example, the defective trailer that tipped over on Plaintiff had Evergreen Tank logos prominently displayed on all sides. Because the parties have not conducted discovery, it is improper on remand to construe any facts or possible defenses in favor of removal.

- Finally, it is unclear that all Defendants truly consented to removal. Just days after allegedly consenting to removal—and after the case was actually removed—Defendants Brenner Tank Services, LLC ("Brenner Tank") and Walker Group Holdings LLC ("Walker Group") inexplicably tried to answer

the case in Brazoria County. These actions create ambiguity in the Defendants' alleged consent to removal making removal improper.

## II.
### BACKGROUND

On August 15, 2016, Plaintiff James George was severely burned while working at SI Group's Freeport, Texas facility. *See* (Doc. #1-3, at ¶ 12). Plaintiff was injured when a defective trailer filled with water heated to 200 degrees Fahrenheit tipped over and filled the cab of Plaintiff's truck with the near boiling water. *See id.* The defective trailer had Evergreen Tank branding prominently displayed on multiple sides.

As a result of his severe injuries, Plaintiff filed this lawsuit on November 9, 2016, in Brazoria County, Texas. *See* (Doc. #1-3). On December 21, 2016, SI Group removed this case. *See* (Doc. #1). Plaintiff now files this motion to remand.

## III.
### LEGAL STANDARD

The removing defendant(s) carries the burden of showing that removal was proper and that the federal court has jurisdiction over the action. *Carpenter v. Wichita Falls ISD*, 44 F.3d 362, 365 (5th Cir. 1995). The removal statutes are "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). "The court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff, and then determine whether there could possibly be a valid claim against the defendant in question." *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 208 (5th Cir. 1993).

## III.
## ARGUMENT

**1.   Evergreen Tank is a non-diverse party.**

Evergreen Tank is a non-diverse party—preventing removal—because its principal place of business, or nerve center, is in Houston, Texas. SI Group contends that Evergreen Tank is incorporated in Delaware with a principal place of business in Arizona. (Doc. #1, at ¶ 8). To support this contention, SI Group first cites Evergreen Tank's "Application for Registration of a Foreign For-Profit Corporation," which states that Evergreen Tank's "principal office address" is in Webster, Texas. *See* (Doc. #1-11). Additionally, the same document also shows that each person on Evergreen Tank's board of directors resides in Texas. *See id.*

SI Group then cites Evergreen Tank's "Texas Franchise Tax Public Information Report," which states that Evergreen Tank's principal office and principal place of business are both "16411 Space Center Blvd # D-2 Houston TX 77058." *See* (Doc. #1-12). Evergreen Tank's website also currently lists its "Corporate Office" at the same address. *See* Ex. 1. Evergreen Tank's Franchise Tax Report also lists Guy Heulat—the President of Evergreen Tank—as being located at the very same Houston address. *See* (Doc. #1-12).

Admittedly, Evergreen Tank has other officers in Arizona. However, this does not change Evergreen Tank's citizenship. In fact, upon performing initial research, it appears that the only reason Evergreen Tank has any officers or directors in Arizona is because Mobile Mini, Inc. purchased Evergreen Tank in 2014, and Mobile Mini, Inc. maintains its principal executive offices in Arizona. *See* Ex. 2.

Additionally—and more important for this motion to remand—the purchase of Evergreen Tank by Mobile Mini in 2014 clarifies that Evergreen Tank's principal place of business is in Houston, Texas. For example, in a November 13, 2014, press release, Mobile Mini "announced that it has signed a definitive agreement to purchase Houston, TX-based Evergreen Tank Solutions." *See* Ex. 3; *see also* Ex. 7 (Odyssey Investment Partners website profiling Evergreen Tank as a company in their portfolio and stating that Evergreen Tank's headquarters are in Houston, Texas). In that same press release, Mobile Mini's President and CEO, Erik Olsson, stated: "I am very pleased that the strong ETS management team under Guy Huelat's leadership is onboard **to continue to run the business** maximizing growth and profitability." *Id.* (emphasis added). As noted above in the documents attached by SI Group to its removal, Guy Huelat is based out of Evergreen Tank's principal office in Houston, Texas. *See* (Doc. #1-12). Further, in a press release issued on December 11, 2014, Mobile Mini also explained that "ETS will **continue to operate as a separate subsidiary** under the ETS name. Guy Huelat, CEO and President of ETS, will become an Executive Vice President of Mobile Mini and President of ETS." *See* Ex. 4 (emphasis added).

Evergreen Tank's own website also supports the fact that its principal place of business is Texas and not Arizona. For example, Evergreen Tank's "Contact Us" page lists a Houston address as its corporate office. *See* Ex. 1. Evergreen Tank's FAQ page states that "ETS is located throughout the United States **with our primary focus on the Gulf South**." Ex. 5 (emphasis added). Evergreen Tank's "Locations" page confirms this with the bulk of Evergreen Tank's locations appearing in Texas and along the gulf coast. *See* Ex. 6.

"For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business."

4

For purposes of federal court diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing 28 U.S.C. § 1332(c)). "It is well established that a 'subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.'" *Burnside v. Sanders Associates, Inc.*, 507 F. Supp. 165, 166 (N.D. Tex. 1980), *aff'd,* 643 F.2d 389 (5th Cir. 1981) (quoting 1 MOORE'S FEDERAL PRACTICE, P 0.77(1-2) at 717.10 (1979)); *see also Coghlan v. Blue Cross Blue Shield of Texas*, CIV.A. H-12-2703, 2013 WL 150711, at *2 (S.D. Tex. Jan. 14, 2013) (quoting *Burnside*, 507 F.Supp. at 166) ("Courts have recognized that 'a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.'").

Here, it is clear that Evergreen Tank remains a separate subsidiary from Mobile Mini and is operated out of Houston—its principal place of business—by its Houston-based president: Guy Huelat. *See* Exs. 3, 4. The fact that Evergreen Tank picked up a few ancillary officers and directors as part of being acquired by Mobile Mini does not change Evergreen Tank's principal place of business. This is especially true when on remand "[t]he court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff," *Lackey*, 990 F.2d at 208, resolving "any doubt about the propriety of removal . . . in favor of remand." *Gasch*, 491 F.3d at 281-82.

In sum, the bulk of the evidence clearly indicates that Evergreen Tank maintains its principal place of business in Houston, Texas. Thus, Plaintiff respectfully requests that the Court remand this case to state court.

### 2. Evergreen Tank is not a fraudulently joined party.

SI Group has failed to meet the extraordinary burden to show that Evergreen Tank was fraudulently joined. The Fifth Circuit in *B., Inc. v. Miller Brewing Co.*, laid out the procedure for handling allegations of fraudulent joinder in a notice of removal and subsequent remand. 663 F.2d 545 (5th Cir. 1981). The Court explained that "[t]he burden of persuasion placed upon those who cry fraudulent joinder is indeed a heavy one." *Id.* at 549 (internal quotations omitted). The Court went on to explain that the reviewing court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Id.* (*citing Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corporation, et al.*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968); *Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962)).

Following the reviewing court's analysis, "if there is **even a possibility** that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court **must find that the in-state defendant(s) have been properly joined**, that there is incomplete diversity, and that the case **must be remanded** to the state courts." *Id.* at 550 (emphasis added).

In the case at hand, SI Group has failed to meet its heavy burden to properly allege the fraudulent joinder of Evergreen Tank. For example, SI Group's Notice of Removal merely states that "**upon information and belief**, Evergreen is a mere lessor of the trailer at issue in the lawsuit." (Doc #1, at ¶ 15) (emphasis added). "Upon information and belief," is not enough in a Notice of Removal to establish fraudulent joinder. *See Miller Brewing Co.*, 663 F.2d at 549. Further, the fact that SI Group contends that Evergreen Tank was merely a lessor of the

6

defective trailer is not a fact that has been conclusively established—or even basically investigated through preliminary discovery.

On remand, all Plaintiff must show to defeat SI Group's fraudulent joinder argument is that "there is **even a possibility** that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff. . . ." *Id.* (emphasis added). At the current stage of this litigation, Plaintiff is unsure of the extent of Evergreen Tank's involvement in the underlying incident. But what Plaintiff does know is that a dangerously defective trailer—with Evergreen Tank logos prominently displayed—tipped over and caused Plaintiff severe injuries:





Whether or not Evergreen Tank's involvement differs from the claims alleged in Plaintiff's complaint (negligence, gross negligence, product liability), or whether Evergreen Tank has a valid defense under the Graves Amendment are issues for the state court to decide after discovery is performed.

### 3. This case should be remanded because it is unclear whether or not all parties actually consented to SI Group's removal.

As a final point, it is unclear whether all Defendants truly consented to SI Group's removal.

Although not explicitly laid out in the removal statutes, in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the thirty-day period, and is often referred to as the "rule of unanimity." *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *see also Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011); *Getty Oil Corp.*, 841 F.2d at 1263.

Here, SI Group removed this case on December 21, 2016. *See* (Doc. #1). Attached to the Notice of Removal were Brenner Tank's consent to removal, which was dated December 19, 2016, (Doc. #1-14), and Walker Group's consent to removal, which was also dated December 19, 2016. (Doc. # 1-15).

But then on December 22, 2016—only three days after allegedly consenting to removal—both Brenner Tank and Walker Group attempted to answer in state court. *See* (Doc. #11, at 1) ("[W]e attempted to file Answers in Brazoria County on December 22, 2016, but said Answers were rejected due to Defendant SI Group, Inc.'s Notice of Removal."). Plaintiff is unsure why parties that had allegedly consented to removal then attempted to answer in state court after the case was removed. The issue here, however, is not *why* Brenner Tank and Walker Group attempted to answer in state court after allegedly consenting to removal. But instead, the issue is

8

that by doing so, Brenner Tank and Walker Group created ambiguity in their alleged consent to removal. Defendants' consent to removal cannot be ambiguous. *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 641 (S.D. Miss. 2001) (citing *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995) ("Although all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed.").

Thus, for this additional reason, removal is improper.

## IV.
## CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's Motion and remand this case to state court.

    Respectfully submitted,

    ARNOLD & ITKIN LLP

    */s/ Roland T. Christensen*
    _____
    Kurt B. Arnold
    SBN: 24036150
    karnold@arnolditkin.com
    Caj. D. Boatright
    SBN: 24036237
    cboatright@arnolditkin.com
    Roland Christensen
    SBN: 24101222
    rchristensen@arnolditkin.com
    6009 Memorial Drive
    Houston, Texas 77002
    Telephone: (713) 222-3800
    Facsimile: (713) 222-3850

    **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 20th day of January, 2017.

              */s/ Roland T. Christensen*
              _____
              Roland T. Christensen