United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES  GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-360 |
| | § | |
| SI GROUP, INC. D/B/A SCHENECTADY | § | |
| INTERNATIONAL, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Remand.  Dkt. 19.  After considering the motion, the parties' pleading, and relevant authority, the Court finds that removal was proper and will therefore deny Plaintiff's Motion to Remand.

This case stems from a workplace injury sustained by the Plaintiff, James George ("George") in August 2016.  George filed his original petition in the 412th Judicial District Court of Brazoria County, Texas.  Dkt. 1-3.  Defendants timely removed the case on December 21, 2016.  Dkt. 1.  Defendants based removal on the Court's diversity jurisdiction.  According to Defendants, there is complete diversity between George and all Defendants.  George filed the instant Motion to Remand.  Dkt. 19.  Defendants Evergreen Tank Solutions, Inc. ("Evergreen") (Dkt. 28), Brenner Tank Services, LLC, and Walker Group Holdings, LLC (Dkt. 29) and SI Group, Inc. (Dkt. 30) each filed separate responses, to which George filed a Reply.  Dkt. 31.  Plaintiff's Motion to Remand argued that the Court lacks subject matter jurisdiction because: 1) Evergreen is a non-diverse party, having its principal place of business in Texas; 2) Defendants fail to

meet their heavy burden to show that Evergreen was fraudulently joined; and 3) it is unclear whether all Defendants consented to removal.

Several of these issues have resolved. It is undisputed that Evergreen is incorporated in Delaware. Evergreen stipulates that the fraudulent joinder claim does not apply. Dkt. 28. Further, all Defendants have now confirmed that they consent to removal. Dkts. 28-30. The only remaining issue therefore is whether Evergreen's principal place of business is in Texas—as George claims—or in Arizona—as Evergreen claims.

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir.2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). When determining citizenship for diversity, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …." 28 U.S.C. § 1332(c)(1). "Courts have recognized that a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." *Coghlan v. Blue Cross Blue Shield of Texas*, Civil Action No. H-12-2703, 2013 WL 150711 (S.D. Tex. Jan. 14, 2013) (citations omitted) (internal quotation marks omitted). The United States Supreme Court defines the principal place of business ("PPB") as "the place where a corporation's officers direct, control, and coordinate the

corporation's activities [known as its] 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

The decision whether to remove is based on the facts as they existed at the time of removal. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The removing party therefore bears the burden of showing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Once this burden has been met, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The dispositive issue before the Court is whether Evergreen was a subsidiary incorporated as a separate entity from Mobile Mini on the date of removal, December 21, 2016. George's Motion to Remand alleges that Evergreen's president is based in Texas. It further alleges that Evergreen is a subsidiary and separate entity to Mobile Mini, Inc. ("Mobile Mini"), which acquired Evergreen in 2014. The Motion argues that because Evergreen is an independently operated subsidiary to Mobil Mini, it retains its own citizenship for diversity purposes. George attaches, *inter alia*, the following evidence to support his contention:

- a 2015 Texas Franchise Tax Public Information Report listing Evergreen's PPB as Houston, Texas and its president as a Houston resident (Dkt. 1-12);

- Evergreen's website listing its Corporate Office as having a Houston, Texas address;

- a 2014 Mobile Mini press release announcing its purchase of "Houston, TX-based Evergreen Tank Solutions," which would continue to be run by its president (Dkt. 19-4);

- a 2014 Mobile Mini press release stating that Evergreen "will continue to operate as a separate subsidiary under the ETS name" (Dkt. 19-5);

- an online profile of Evergreen stating that it is headquartered in Texas (Dkt. 19-8).

Evergreen's Opposition to Plaintiff's Motion to Remand argues that George improperly relied upon outdated information showing that Evergreen was a subsidiary of Mobile Mini. Dkt. 28. It attached the following evidence in support:

- An affidavit signed by Mobile Mini's Director of Risk Management, stating that:
  - o Evergreen is a wholly owned subsidiary of Mobile Mini;
  - o Evergreen's corporate headquarters are located in Arizona and have been located there since before the incident leading to this litigation occurred;
  - o All Evergreen decision makers, including its CEO, Director, and Senior Vice President/General Counsel, are all located in Arizona;
  - o Evergreen's former president left the company in 2015;
  - o Evergreen did not have a Houston office at the time of the incident giving rise to this litigation;
  - o A typographical error on Evergreen's website listing Texas as its contact information has been corrected to reflect its corporate headquarters in Arizona.

- A Texas Franchise Tax 2016 Annual Public Information Report lists its principal office and PPB as Arizona;

- Evergreen's website lists Arizona as its corporate headquarters.

*Id.*

The Court finds that the affidavit and 2016 Public Information Report attached to Evergreen's Opposition establish by a preponderance of the evidence that its PPB is—and was, at the time of removal—located in Arizona. This evidence is largely consistent

with George's evidence that Evergreen's PPB in 2014 was in Texas.  Evergreen's PPB prior to December 22, 2016, however, is of no moment to this discussion.  George's Reply did not sufficiently refute Evergreen's evidence.  Plaintiff's Motion to Remand is therefore **DENIED**.

SIGNED at Galveston, Texas, this 31st day of March, 2017.

George C. Hanks Jr.
United States District Judge