UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
December 07, 2018
David J. Bradley, Clerk

| | |
|---|---|
| James George, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action G-16-360 |
| § | |
| SI Group, Inc., et al., § | |
| § | |
| Defendants. § | |

## Opinion on Partial Dismissal

1.  *Introduction.*

James George was a contractor retained by SI Group, Inc., to clean equipment at a chemical plant. While at the plant, George parked the truck and its tank-trailer on an uneven gravel road. George was injured when the trailer fell. He sued SI Group; Evergreen Tank Solutions, Inc.; Bulk Tank International; Brenner Tank Services, LLC; Walker Group Holdings, LLC; and Bulk Solutions, LLC. All of his claims except premises liability against SI Group will be dismissed.

2.  *Background.*

In the summer of 2016, SI Group retained contractors to pressure wash and otherwise clean equipment at its chemical plant in Freeport, Texas. James George was among them.

Brenner Tank Services designs tank trailers. Bulk Tank International manufactures them in Mexico. Bulk Solutions distributes them in the United States. George served Bulk Tank through the Texas Secretary of State, but it did not answer or otherwise respond.[1] George then sued Bulk Solutions. It had sold the trailer to Evergreen Tank Solutions who then leased it to SI Group.

The contractors used the trailer as a hot water reservoir for the hoses. A vacuum truck had to be parked close to the tank to collect the used water. SI Group instructed the contractors to park the vacuum truck and trailer on gravel. Once the

---

[1] Vernon's Texas Statutes and Codes Annotated § 82.003(a)(7)(b),(c).

trucks were parked, George says an SI worker – driving an off-road cart – asked multiple times if the contractors needed help. He says the workers, including himself, saw how the trucks were parked but did not comment on their placement.

Afterwards, while George sat in the vacuum truck's cabin, he heard a loud, screeching noise. He saw the vacuum trailer start to roll over. Its hatch then opened, spilling hot water on him and into his truck. George jumped through the passenger-side window, landing on the ground. He hurt his neck and had third-degree burns on his back, legs, and arms.

During the incident investigation, SI Group discovered a water leak underground where the vehicles were parked. George claims that Evergreen, Bulk, and Brenner are negligent and strictly liable for his injuries because they leased, manufactured, marketed, and distributed an unreasonably dangerous tank trailer.

3.  *Negligence.*

George did not plead a *prima facie* case against Evergreen.[2] Evergreen owned the trailer and bailed it, but did not operate, maintain, or control the trailer once SI Group possessed it. No facts show that Evergreen inspected, supervised the installation, nor parked the trailer at SI Group that day.

George also did not plausibly plead negligence against Brenner. Brenner testified that it hired a company to inspect and certify the trailer before selling it to SI Group. The inspection revealed no evidence the trailer was unsafe. No facts suggest that the trailer was defective or that Brenner knew or should have known the trailer was dangerous.

4.  *Products Liability.*

Bulk and Brenner are strictly liable for George's injuries only if the trailer is (a) defectively designed, (b) that defect caused his injuries, and (c) a safer alternative was actually feasible. A design is defective if it is unreasonably dangerous.

George claims that the trailer's legs were defective without specifying the defect. No data supports that the legs were unsafe. In fact, Bulk and Brenner testified that they worked safely and effectively; George and the other contractors properly set the legs for

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

this job. Also, George has not supplied the court with any facts of an alternative design that cures the danger.

George could also recover if the trailer had a manufacturing defect, but he has nothing to suggest the trailer deviated from its original design.

5. *Warning.*

Bulk and Brenner must warn George of dangers inherent to the operation of its trailer if they are not an obvious hazard. They are not responsible for examining absent road or site ground conditions. George asserts that the trailer did not warn about not parking it on unpaved surfaces. The companies, however, cannot predict every situation when a tank trailer could endanger others. They could not have anticipated or warned of the possibility of an underground water leak.

6. *Conclusion.*

After an abstract assertion of every possible legal theory, George recites no facts, beyond a weak description of the accident, supporting those theories. No facts show that the tank trailer was unreasonably dangerous. No facts suggest that the trailer had inadequate warnings about parking it. George's speculations about the designer, manufacturer, and distributor are the only evidence of a defect in the trailer. They do not prove anything about a defect or an inadequate warning. The legs of the trailer simply sank deep enough into the ground causing it to fall over.

Because James George did not plausibly plead his claims against Evergreen Tank Solutions, Inc., Brenner Tank Services, LLC, Bulk Tank International, and Bulk Solutions, LLC, they will be dismissed.

James George's premises liability claim against SI Group, Inc., survives.

Signed on December 7, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge