United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | |
|---|---|
| James George, § § Plaintiff, § § versus § § SI Group, Inc., *et al.*, § § Defendants. § | Civil Action G-16-0360 |

# Opinion on Summary Judgment

1. *Introduction.*

   James George was a worker employed by Veolia Environmental Services. Veolia was retained by SI Group, Inc., to clean equipment at a chemical plant. George parked the truck with its tank-trailer on an unpaved road inside the plant. He was injured when the trailer rolled. George sued:

   A. SI Group;

   B. Evergreen Tank Solutions, Inc.

   C. Bulk Tank International;

   D. Brenner Tank Services, LLC;

   E. Walker Group Holdings, LLC; and

   F. Bulk Solutions, LLC.

   Only George's premises liability claim survives. SI Group moved for summary judgment. It will prevail.

2. *Background.*

   SI Group is a chemical manufacturer. It has a plant in Freeport, Texas, where it stores chemicals in a tank farm. Before the tanks can hold a different product they must be cleaned with hot water. So, in the summer of 2016, SI Group contracted with Veolia Environmental Services to pressure wash and otherwise clean the tanks at the Freeport location. James George was a technician for Veolia.

The day before Veolia started cleaning, SI Group showed it where it would stage the vehicles and equipment for the job. A tractor with a trailer designed to heat and hold hot water would park next to the tank. Veolia would pump hot water into the tank and then a vacuum truck would suck the dirty water out with a hose.

Because the hot-water trailer would empty several times during a cleaning, SI Group and Veolia agreed to leave it attached to the tractor until it was time to replace it. Once the trailer emptied, Veolia would drive the tractor to the front of SI Group's plant, unload the trailer, and put on a full one.

The ground at the refilling station was paved cement. Veolia would disconnect the empty trailer from the tractor and stand it on its legs as it was refilled. The staging area near the tanks, however, was paved with gravel. SI Group and Veolia never discussed disconnecting a trailer from the tractor while staged at a tank. The understanding was that the trailer would stay attached until it was time to be refilled with water at the front of the plant.

On August 15, 2016, Veolia started cleaning. The trailer emptied, so Veolia reloaded the tractor with a full one. Once it got back to the tank, Veolia noticed an issue with the tractor's air-bags. George helped unhook the hoses from the trailer and then sat in the cabin of the vacuum truck parked next to it.

While working on the air-bags, several Veolia employees disconnected the trailer from the tractor, leaving the trailer standing alone on the gravel. Within minutes, the legs of the trailer sank into the gravel causing it to roll towards George's truck. The hatch opened and spilled hot water into the truck and onto him. George jumped through the passenger-side window, landing on the ground. He hurt his neck and had third-degree burns on his back, legs, and arms.

During the investigation, SI Group discovered that a water leak from an underground monitor had softened the gravel where the vehicles had parked.

3.  *Premises Liability.*

The question is whether the dispute is governed by Chapter 95 of the Texas Civ. Prac. & Rem. Code or premises liability law. Chapter 95 applies if a contractor's injury arises from work being done on an improvement to the landowner's real

property.[1] If applicable, the landowner is liable only if it (a) controlled the contractor's work and (b) had actual knowledge of the danger or condition resulting in the injury.[2] Control requires more than merely ordering work to start or stop, inspecting progress, or receiving reports.[3] The landowner must exercise dominion over the means, methods, or details of the independent contractor's work.[4] For example, a landowner exercises control if it decides which worker does which task or determines the technique by which the work is done.

George says that Chapter 95 does not apply because Veolia only contracted to do a hot-water wash of SI Group's tanks. He contends that hot-water washing is merely maintenance as opposed to a "construction, repair, renovation, or modification." George also says that his injury did not arise from an improvement on SI Group's real property. Rather, he says, it arose from the staging area which was not a part of the tank that Veolia was cleaning.

First, because routine maintenance on an improvement is considered a "modification," hot-water washing falls within the language of Chapter 95.[5] Second, under the statute, an injury need not stem from the improvement itself. It can simply relate to the work being done on the improvement.[6] Here, the tanks were an improvement to SI Group's land and George's injury was directly related to Veolia's job of washing them with hot water.

Accordingly, SI Group is not liable unless George establishes that it (a) controlled Veolia's work and (b) had actual knowledge of the danger or condition resulting in George's injury.

---

[1] TEX. CIV. PRAC. & REM. CODE. § 95.002.

[2] Id.

[3] Id. § 95.003(1).

[4] Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801, 804 (Tex. 1999).

[5] Montoya v. Nichirin-Flex, U.S.A. Inc., 417 S.W.3d 507, 512-13 (Tex.App. – El Paso 2013, no pet.).

[6] Kevin Fisher v. Lee and Chang Partnership, Realand U.S.A., Inc., and Allen M. Wu, 16 S.W.3d 198, 201-02 (Tex.App. – Hous.[1st Dist.] 2000).

4. *Control and Actual Knowledge.*

George says that SI Group exercised control by instructing Veolia where to place the trailer during the staging. Moreover, he says that a leak from an underground monitor made the gravel at the staging area soggy and that this contributed to the danger of the trailer shifting and pouring onto him. He says that SI Group is liable because it knew about the monitor but failed to warn Veolia not to set the trailer on the ground.

George's errs for two reasons. First, SI Group did not exercise control over Veolia. Direction for where a contractor should park or start its work is not substantive control over the work itself. Second, SI Group did not have actual knowledge of the danger or condition resulting in George's injury. Veolia decided to disconnect the trailer without telling SI Group. The condition that caused his injury was *the unconnected trailer's resting on the gravel.* Without Veolia's decision to disconnect the trailer from the tractor, the trailer would not have sunk into the gravel and poured onto him. Whether SI Group knew that the underground monitor could contribute to the sogginess of the gravel is irrelevant because they never instructed Veolia to disconnect the trailer and put it on the ground. For these reasons, SI Group is not liable to George.

5. *Conclusion.*

Chapter 95 governs James George's premises liability claim. The staging instructions SI Group, Inc., gave to Veolia Environmental Services did not amount to control over Veolia's work. It was Veolia's decision to set the hot-water trailer on uneven gravel. Veolia's decision created the dangerous condition that resulted in George's injuries. SI Group's motion for summary judgment will be granted.

Signed on May 25, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge