UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| James George, § § § Plaintiff, § § versus § § SI Group, Inc. d/b/a § Schenectady International Inc., § Evergreen Tank Solutions, Inc., § Bulk Tank International, § Brenner Tank Services, LLC., and § Walker Group Holdings, LLC., § § Defendant. § | Civil Action H-16-360 |

## Opinion and Order on Partial Dismissal and Summary Judgment

1. *Introduction.*

James George was a contractor retained by Veolia Environmental Services. SI Group, Inc. hired Veolia to clean its chemical storage tanks. While at the plant, George was badly injured when a tanker-trailer filled with scalding water tipped over and spilled its contents on him. He sued:

A. SI Group;
B. Evergreen Tank Solutions, Inc.;
C. Bulk Tank International;
D. Brenner Tank Services, LLC.;
E. Walker Group Holdings, LLC.; and
F. Bulk Solutions, LLC.

2. *Background.*

This court dismissed George's products-liability claims on the pleadings and his premises-defect claim on summary judgment. He appealed to the Fifth Circuit.

The Fifth Circuit (a) reversed and remanded the order dismissing George's products-liability claims against Bulk Solutions and Brenner Tank, (b)

affirmed the dismissal of Evergreen, and (c) reversed and remanded the summary judgment order for the premises-defect claim for evaluation under Texas common law.[1]

3. *Products Liability.*

Bulk and Brenner are strictly liable for George's injuries if the tanker-trailer (a) was defective, (b) reached George without a substantial change in its condition, (c) the defect made the tanker-trailer unreasonably dangerous, and (d) the defect caused his injuries when the tanker-trailer was used in its intended way.[2]

 A. *Warning Defect.*

A product has a warning defect if it does not warn against foreseeable risks of harm not obvious to ordinary users and so is unreasonably dangerous.[3]

George says Bulk and Brenner had to warn George of dangers resulting from foreseeable uses of the tanker-trailer of which they knew, should have known, or are not obvious to an ordinary user. George claims Bulk and Brenner failed to warn him that the trailer should not have been detached from the tractor unless there was a concrete or level foundation to support its feet. He also says Bulk and Brenner could reasonably expect users to park the tanker-trailer on unpaved surfaces because work areas like SI Group's may require it to be positioned in an unpaved area near the chemical storage tanks. He claims that without a

---

[1] *George v. SI Grp., Inc.*, No. 20-40427, 2022 WL 1817714 (5th Cir. June 3, 2022).

[2] Tex. Civ. Pract. & Rem. Code § 82.005.

[3] *Bristol-Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex. 1978).

warning, users will park the tanker-trailer on unstable ground, which creates an unreasonably dangerous risk of tipping.

The tipping risk could be reduced or avoided by providing a warning on the tanker-trailer. George has sufficiently pleaded his warning-defect claim against Bulk and Brenner.

B. *Design Defect.*

A product is designed defectively if there is a safer alternative design, and the defect causes injury, damage, or death.[4]

George claims that the tanker-trailer was defectively designed, because each pad of the landing gear supported about 1,978 pounds per square inch. He says that the landing gear should have better distributed the load weight and increased the tanker-trailer's stability. He also says that the trailer's rear tires extend past its edge, but those in front do not, providing less stability to the front of it.

George asserts that greater surface area on the landing gear and wider landing-gear legs would lower the tipping risk, would not affect the utility of the landing gear, and would not make the tanker-trailer materially more expensive.

Because George has identified specific aspects of the tanker-trailer and proposed feasible solutions to the defects he claims exist, he has sufficiently pleaded his design-defect claim against Bulk and Brenner.

C. *Manufacturing Defect.*

A product is manufactured defectively when it deviates from its planned specifications.[5]

---

[4] Tex. Civ. Pract. & Rem. Code § 82.005.

[5] *Am. Tobacco Co., Inc. v. Grinnel*, 951 S.W.2d 420, 434 (Tex. 1997).

George does not discuss his manufacturing defect claim against Bulk and Brenner in the operative complaint. His manufacturing defect claim against Bulk and Brenner is not properly pleaded and will be dismissed.

4. *Summary Judgment.*

The appeals court reversed and remanded the summary judgment on George's premises-liability claim against SI Group for evaluation under Texas common law. To evaluate George's claim, the admissibility of his evidence that pipes beneath a fire monitor were leaking before the accident must be analyzed.[6] If the evidence is admissible, George may show that SI Group was aware of but failed to warn him about a dangerous condition that caused the tanker-trailer to tip over.

A. *Admissibility of Evidence.*

Evidence qualifies as a party-opponent statement and is admissible when the statement is offered against an opposing party and was made by the party's agent or employee on a matter within the scope of that existing relationship.[7]

Michael Muñoz, George's supervisor, claims that he heard SI Group employees say that the fire monitor near the tanker-trailer had been out of service prior to the incident because of an underground water leak. The SI Group employees made their statements during work hours and in the scope of their employment.

George's evidence that pipes beneath the fire monitor were leaking before the accident is admissible, because the statements were made by

---

[6]*George v. SI Grp., Inc.*, No. 20-40427, 2022 WL 1817714 (5th Cir. June 3, 2022).

[7]Fed. R. Evid. 801.

SI Group's employees during their employment and suggest SI Group knew or should have known about the risk of tipping caused by the underground water leaking in a parking area.

B.   Premises Liability.

George must show that SI Group exercised some control over the relevant work and either knew or reasonably should have known of the risk or danger that the tanker-trailer could tip over.[8]

George says SI Group is liable for his injuries because it owned the facility, knew it was unreasonably dangerous to park the tanker-trailer on the gravel or saturated ground, and failed to warn George about the risk the tanker-trailer could tip over.

SI Group says its duty to warn George is limited to pre-existing, concealed hazards that it knew or should have known about. It claims that because it did not know about the underground water leak, it is not liable.

George has presented admissible evidence that created a genuine issue of fact about whether SI Group knew that the water leak increased the risk that the tanker-trailer would tip on unstable ground near the fire monitor. SI Group exercised some control over George's work, because (1) it hired Veolia, (2) provided the tanker-trailers and vacuum truck, (3) told the Veolia crew where to park the tanker-trailer, and (4) checked on the crew several times throughout the day.

George's premises-liability claim against SI Group survives summary judgment.

---

[8] *Ineos USA, LLC. v. Elmgren*, 505 S.W.3d 555, 561 (Tex. 2016), *reh'g denied* (Dec. 16, 2016).

6. *Conclusion.*

James George's manufacturing defect claim against Bulk Tank International and Brenner Tank Services, LLC., is dismissed with prejudice. (75)(80)(120)(121)

Signed on June 22, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge