United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-00360 |
| | § | |
| SI GROUP, INC. D/B/A | § | |
| SCHENECTADY INTERNATIONAL, | § | |
| INC., BRENNER TANK SERVICES, | § | |
| LLC, and BULK SOLUTIONS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 21, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Andrew M. Edison. (Dkt. No. 269). Judge Edison made findings and conclusions and recommended that (1) Defendant Bulk Solutions, LLC's Motion for Summary Judgment, (Dkt. No. 221), and (2) Defendants Brenner Tank Services, LLC and Bulk Solutions, LLC's Joint Motion for Summary Judgment, (Dkt. No. 234), be granted, (Dkt. No. 269 at 9–10).

Judge Edison further recommended that the three motions to exclude expert testimony related to those motions for summary judgment, (Dkt. Nos. 222, 225, 227), be denied as moot, (Dkt. No. 269 at 8 n.5, 9 n.6, 10).

Finally, Judge Edison recommended denying the following motions as moot: (1) Defendants Brenner Tank Services, LLC and Bulk Solutions, LLC's remaining Joint Motion to Exclude Expert Testimony, (Dkt. No. 229); (2) Defendant SI Group, Inc.'s

Motion to Exclude Opinions Regarding Control Over Independent Contractors Offered by Defendants Bulk [Solutions, LLC] and Brenner [Tank Services, LLC]'s Expert Eric Boelhouwer, (Dkt. 231); and (3) Plaintiff James George's Motion to Exclude Supplemental Reports of [Defendants Bulk Solutions, LLC and Brenner Tank Services, LLC's Experts], (Dkt. 236). As the M&R notes, "[t]hough not directly related to Defendants [Brenner Tank Services, LLC and Bulk Solutions, LLC's] summary judgment motions, these motions are all moot if [those] Defendants are awarded summary judgment and are no longer in this litigation." (Dkt. No. 269 at 10).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 24, 2025, Plaintiff objected to the M&R's disposition of Defendant Bulk Solutions, LLC's Motion for Summary Judgment, (Dkt. No. 221), and Defendants Bulk Solutions, LLC and Brenner Tank Services, LLC's Joint Motion for Summary Judgment, (Dkt. No. 234).[1] (Dkt. No. 275 at 1, 8–10, 24–30).[2]

First, Plaintiff objects that the M&R erred in recommending summary judgment for Bulk Solutions LLC on the basis that it is a nonmanufacturing seller. (*Id.* at 8, 24–26). Plaintiff argues that Chapter 82.003 of the Texas Civil Practice and Remedies Code permits suit against nonmanufacturing sellers when the manufacturer is not subject to the court's jurisdiction. (*Id.* at 8–9, 24–25). Because the manufacturer of the trailer—Bulk

---

[1] Plaintiff also requests that this Court reconsider the remaining motions that were denied as moot in this M&R, (Dkt Nos. 222, 225, 227, 229, 231, 236). (Dkt. No. 275 at 30).

[2] In this filing, Plaintiff raises objections to Judge Edison's February 21, 2025, M&R, (Dkt. No. 269), and his March 3, 2025, M&R, (Dkt. No. 272). This Order addresses only the objections to Judge Edison's February M&R. (Dkt. No. 262). The objections to the March M&R are considered in the Court's order addressing that M&R.

2

Tank International—is located in Mexico and has never appeared in this case, Plaintiff contends the statutory exception applies. (*Id.* at 9, 25). Plaintiff further objects that the Fifth Circuit's contrary interpretation lacks supporting authority and conflicts with the plain text of the statute. (*Id.* at 9, 25–26).

Second, Plaintiff objects that the magistrate erroneously recommended summary judgment on his failure-to-warn claim against Brenner Tank Services, LLC and Bulk Solutions, LLC. (*Id.* at 9, 24, 26–28). Plaintiff contends that testimony from Joe Armstrong, the Veolia ES Industrial Service, Inc. ("Veolia") employee who unhooked the trailer, establishes a genuine fact issue. (*Id.* at 9, 27–28). Mr. Armstrong testified he would have read and potentially heeded a proper warning had one been affixed near the trailer's landing gear, (*id.* at 28), and Plaintiff submitted expert evidence proposing an appropriate warning, (*id.* at 27). Plaintiff argues that this evidence creates a triable issue for the jury on whether the absence of a warning rendered the trailer unreasonably dangerous. (*Id.* at 28).

Third, Plaintiff objects that the M&R erred in recommending summary judgment on his design-defect claim. (*Id.* at 9, 24, 28–30). Plaintiff argues that Judge Edison wrongly concluded that the sole producing cause of his injuries was Mr. Armstrong's failure to use matting on uneven ground. (*Id.* at 9, 29). Plaintiff responds that he submitted expert testimony indicating that the trailer had design flaws—including undersized pads and a narrow landing gear—that contributed to the trailer tipping and injuring him. (*Id.* at 29). Because more than one producing cause may exist under Texas law, Plaintiff contends this evidence creates a fact issue for the jury. (*Id.* at 9–10, 29–30).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Edison's M&R, (Dkt. No. 269), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Defendant Bulk Solutions LLC's Motion for Summary Judgment, (Dkt. 221), is **GRANTED**;

(3) Defendants Brenner Tank Services, LLC and Bulk Solutions, LLC's Joint Motion for Summary Judgment, (Dkt. 234), is **GRANTED**;

(4) Defendants Bulk Solutions LLC and Brenner Tank Services, LLC are **DISMISSED** from this action; and

(5) the following motions are **DENIED as moot**:

   a. Defendants Brenner Tank Services, LLC and Bulk Solutions, LLC's Motions to Exclude Expert Testimony, (Dkt. Nos. 222, 225, 227, 229);

   b. Defendant SI Group Inc.'s Motion to Exclude Opinions Regarding Control Over Independent Contractors Offered by Defendants Bulk [Solutions, LLC] and Brenner [Tank Services, LLC]'s Expert Eric Boelhouwer, (Dkt. 231); and

  c. Plaintiff James George's Motion to Exclude Supplemental Reports of [Defendants Bulk Solutions, LLC and Brenner Tank Services, LLC's Experts], (Dkt. 236).

(6) SI Group designated Veolia as a responsible third party to the extent that SI Group is found liable to Plaintiff. (Dkt. Nos. 91, 92). Because the Court finds that SI Group is not liable to Plaintiff, any claim that SI Group could have against Veolia is moot.

(7) Likewise, Intervenor ACE Insurance Company ("ACE") has a claim against SI Group only if Plaintiff recovers from SI Group. (Dkt. Nos. 143, 144). Because the Court finds that SI Group is not liable to Plaintiff, any claim that ACE could have against SI Group is also moot.

It is SO ORDERED.

Signed on April 17, 2025.

               _____
               **DREW B. TIPTON**
               **UNITED STATES DISTRICT JUDGE**