United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-00360 |
| | § | |
| SI GROUP, INC. D/B/A | § | |
| SCHENECTADY INTERNATIONAL, | § | |
| INC., BRENNER TANK SERVICES, | § | |
| LLC, and BULK SOLUTIONS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the March 3, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Andrew M. Edison. (Dkt. No. 272). Judge Edison made findings and conclusions regarding six motions filed by Defendant SI Group, Inc. ("SI Group"). Judge Edison recommended that SI Group's Motion for Reconsideration, (Dkt. No. 195), and Motion for Summary Judgment, (Dkt. No. 216), be granted, (Dkt. No. 272 at 8 n.2, 12).

Judge Edison further recommended that SI Group's Motion to Exclude Benjamin Gibson's Expert Opinions, (Dkt. No. 223), be granted as to Gibson's opinions regarding SI Group's knowledge and denied as moot in all other respects, (Dkt. No. 272 at 12).

Finally, Judge Edison recommended denying the following motions as moot: SI Group's (1) Motion for Summary Judgment on Gross Negligence, (Dkt. No. 233); (2) Motion to Exclude John McGrath's Expert Opinions, (Dkt. No. 230); and (3) Motion to

Exclude Workplace Safety Opinions Offered by Plaintiff's Experts Roelof deVries and Eric Van Iderstine, (Dkt. 232). (Dkt. No. 272 at 12).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 24, 2025, Plaintiff objected to the M&R's disposition of SI Group's Motion for Reconsideration, (Dkt. No. 195); Motion for Summary Judgment, (Dkt. No. 216); and Motion to Exclude Benjamin Gibson's Expert Opinions, (Dkt. No. 223).[1] (Dkt. No. 275 at 1, 7, 13–24).[2]

First, Plaintiff argues that the M&R errs in recommending that SI Group's Motion for Reconsideration, (Dkt. No. 195), be granted because SI Group failed to demonstrate the "substantial reasons" required to justify reconsideration, offering no newly discovered evidence, change in law, or manifest injustice, (Dkt. No. 275 at 7, 13–14). Plaintiff further objects that Judge Edison made no findings to support granting reconsideration, which is an extraordinary remedy to be applied sparingly. (*Id.* at 7, 14).

Second, Plaintiff argues that the M&R errs in recommending that this Court grant SI Group's Motion for Summary Judgment, (Dkt. No. 216), because significant questions of fact exist on Plaintiff's premises-liability claim, including (1) whether SI Group knew or should have known that the staging area had become dangerously unstable and (2) whether SI Group retained the right to control the work that went on in the staging

---

[1] Plaintiff also requests that this Court reconsider the related motions that were denied as moot, (Dkt Nos. 223, 230, 232). (Dkt. No. 275 at 24).

[2] In this filing, Plaintiff raises objections to Judge Edison's February 21, 2025, M&R, (Dkt. No. 269), and his March 3, 2025, M&R, (Dkt. No. 272). This Order addresses only the objections to Judge Edison's March M&R. (Dkt. No. 272). The objections to the February M&R will be considered in the Court's order addressing that M&R.

area, (Dkt. No. 275 at 7, 13–24). On SI Group's knowledge, Plaintiff contends that the M&R focused too narrowly on actual knowledge while failing to meaningfully address whether SI Group had *constructive* knowledge of the unstable staging area. (*Id.* at 8, 14–19). It argues that testimony from SI Group's permit issuer and other evidence—such as post-accident reports and expert opinions—supports a fact issue on whether SI Group should have known of the hazard through reasonable inspection. (*Id.* at 8, 16–19).

Relatedly, Plaintiff objects that the M&R erred in excluding expert Benjamin Gibson's opinion that SI Group should have known about the unstable ground. (*Id.* at 8, 19–21). Plaintiff argues that Judge Edison wrongly assessed Mr. Gibson's qualifications only in relation to SI Group's *actual* knowledge, ignoring the relevance of his expertise to *constructive* knowledge. (*Id.* at 19–21). Given Mr. Gibson's safety background and his specific findings, Plaintiff maintains that his opinion is admissible and further supports the existence of a fact issue. (*Id.* at 20–21).

Regarding SI Group's control over the work that led to Plaintiff's injury, Plaintiff contends that the M&R focused solely on whether SI Group actually directed Veolia to uncouple the trailer, rather than whether SI Group retained the right to control that activity. (*Id.* at 8, 21–24). It argues that testimony from multiple Veolia employees and SI Group's own permit issuer confirms that SI Group could dictate staging locations and safety protocols—raising at least a fact question on its retained control. (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After

3

conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Edison's M&R, (Dkt. No. 272), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Defendant SI Group, Inc.'s Motion for Reconsideration, (Dkt. No. 195), is **GRANTED**;

(3) Defendant SI Group, Inc.'s Motion for Summary Judgment, (Dkt. No. 216), is **GRANTED**;

(4) Defendant SI Group, Inc.'s Motion to Exclude Benjamin Gibson's Expert Opinions, (Dkt. No. 223), is **GRANTED** as to Gibson's opinions regarding SI Group's knowledge and **DENIED as moot** in all other respects;

(5) Defendant SI Group, Inc. is **DISMISSED** from this action; and

(6) the following motions are **DENIED as moot**:

   a. Defendant SI Group, Inc.'s Motion for Summary Judgment on Gross Negligence, (Dkt. No. 233);

   b. Defendant SI Group, Inc.'s Motion to Exclude John McGrath's Expert Opinions, (Dkt. No. 230); and

   c. Defendant SI Group, Inc.'s Motion to Exclude Workplace Safety Opinions Offered by Plaintiff's Experts Roelof deVries and Eric Van Iderstine, (Dkt. 232).

It is SO ORDERED.

Signed on April 17, 2025.

                                                            **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**

5